UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             **ORDER**
                              Crim. No. 15-108(5) (MJD/TNL)

SIMON LEE MASON,

    Defendant.

---

Amber M. Brennan, Assistant United States Attorney, Counsel for Plaintiff.

Defendant appearing *pro se*.

---

This matter is before the Court on Defendant's Pro Se Motion for Relief from Judgment. [Docket No. 346.]

**I.    Background**

On July 29, 2015, Defendant pled guilty to Count 1 of the Indictment which charged conspiracy to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. At sentencing, the Court determined the applicable guideline range to be 46 to 57 months, but varied downward from that range and sentenced Defendant to 15

months imprisonment. Upon commitment to the Bureau of Prisons ("BOP") in June 2016, Defendant was given a "home detention eligibility date" of May 24, 2017. (Def.'s Mot. Exh. 1.)

On August 31, 2016, Defendant filed the instant motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking a two-to-four level reduction of his adjusted offense level, based on Amendment 794 to the United States Sentencing Guidelines Manual. Additionally, Defendant requests the Court to compel the BOP to re-evaluate the terms of his confinement, pursuant to the Second Chance Act of 2007.

## II.   Argument

### A. Motions to Reduce Sentence

The Court will construe the Defendant's first request as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which authorizes the Court to apply a lower offense level when a qualifying amendment to the Guidelines is subsequently enacted by the United States Sentencing Commission (hereinafter "the Commission").

> A district court may reduce a previously imposed prison term if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission… if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has authorized a § 3582(c)(2) reduction if a guidelines amendment that it has declared retroactive lowers the defendant's "applicable guidelines range." U.S.S.G. § 1B1.10(a)(2).

United States v. Thomas, 775 F.3d 982 (8th Cir. 2014). The Commission specifies which amendments are given retroactive effect, and Amendment 794 is notably absent from this list. U.S.S.G. § 1B1.10(d). As such, the Amendment does not apply retroactively in a collateral proceeding. See United States v. Lewis, Crim. No. 14-66 (02), 2016 WL 6601644 at *3 (D. Minn. Nov. 7, 2016); United States v. Shelton, Crim. No. 10-295 (08), 2016 WL 6584908 at *1 (D. Minn. Nov. 4, 2016).

Nonetheless, the Amendment became effective five months *before* Defendant's sentencing. Any objections to Defendant's adjusted offense level should have been raised prior to sentencing.

### B. Actions Brought Under the Second Chance Act of 2007

Defendant also argues that under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), this Court can compel the BOP to re-evaluate his sentence and allot him more time in home detention at the end of his sentence.

Before the Defendant can challenge the BOP's decision, however, he must first exhaust any available administrative remedies, and the Defendant has failed

3

to demonstrate that he has done so in this matter.  See Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009).  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Relief from Judgment [Doc. No. 346] is **DENIED.**

Date:  March 8, 2017

                                                         s/ Michael J. Davis
                                                         Michael J. Davis
                                                         United States District Court